UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADAM AVRAMIDES,

        Plaintiff,
v.                              Case No. 8:16-cv-3213-T-33AAS

GENESIS ELDERCARE REHABILITATION
SERVICES, LLC,

        Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant Defendant Genesis Eldercare Rehabilitation Services, LLC's Notice of Removal (Doc. # 1), which was filed on November 17, 2016. For the reasons set forth below, the Court determines that it lacks subject matter jurisdiction and accordingly remands the action to state court pursuant to 28 U.S.C. § 1447(c).

**I.   Background**

Plaintiff Adam Avramides is a physical therapist. (Doc. # 2 at ¶ 6). Avramides worked for Genesis Eldercare from 2012, until his separation in June of 2016. (Id.). Avramides objected to signing off on patient notes at Genesis Eldercare when he did not personally examine the patient. (Id. at ¶ 15). Thereafter, Avramides's hours were reduced and he was terminated on June 26, 2016. (Id. at ¶¶ 17, 19).

On October 6, 2016, Avramides filed a one-count Complaint against Genesis Eldercare pursuant to the anti-

retaliation provision of the Florida Private Whistleblower's Act, Fla. Stat. § 448.102(3), in the Circuit Court of the Sixth Judicial Circuit for Pasco County, Florida. (Doc. # 2). On November 17, 2016, Genesis Eldercare removed this action on the basis of the Court's diversity jurisdiction. (Doc. # 1).

## II. Legal Standard

Under 28 U.S.C. § 1441, a defendant can remove an action to a United States District Court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). United States District Courts have original jurisdiction over all civil actions between parties of diverse citizenship where the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a). Removal is proper if the complaint makes it "facially apparent" that the amount in controversy exceeds $75,000.00. Williams v. Best Buy, Co., 269 F.3d 1316, 1319 (11th Cir. 2001). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id.

The Court determines that it is appropriate to remand this case because the amount in controversy does not exceed the $75,000.00 jurisdictional threshold. In the Complaint, Avramides has not specified the precise amount of damages sought in the lawsuit, instead alleging damages "in excess" of $15,000.00 for violations of the Florida Private Whistleblower's Act. (Doc. # 2 at ¶ 1). Where, as here, "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

### III. Analysis

As previously stated, the Complaint alleges damages "in excess" of $15,000.00 dollars. (Doc. # 2 at ¶ 1). Without any further specificity on damages, Genesis Eldercare, as the removing party, bears the burden of proving, by a preponderance of the evidence, that the amount in

controversy is in excess of $75,000.00. See Lowery, 483 F.3d at 1208.

Genesis Eldercare asserts that the $75,000 jurisdictional threshold is satisfied based on back pay, compensatory damages for emotional pain and suffering, and attorney's fees and costs. As demonstrated below, Genesis Eldercare has not met its burden.

**1.   Back Pay**

Genesis Eldercare indicates that Avramides's weekly salary was approximately $1,309.12 at the time of his termination on June 24, 2016. (Doc. # 1 at ¶ 13). In an effort to meet the jurisdictional requirements, Genesis Eldercare postulates: "In making a determination as to back pay, it is appropriate to consider such an award from the date of the adverse employment action until the proposed trial date." (Id. at ¶ 14). Along these lines, Genesis Eldercare argues: "the 'amount in controversy' of any back wages at the time of an anticipated trial date of November 16, 2017 - a period of approximately 73 weeks following Plaintiff's termination - is approximately $95,565.69." (Id.).

However, this Court has repeatedly held that "the amount in controversy is determined at the time of removal and thus does not include post-removal back pay." <u>Terrell v. Ascenda USA Inc.</u>, No. 8:16-cv-1965-T-33 MAP, 2016 U.S. Dist. LEXIS 88781, at *3 (M.D. Fla. July 8, 2016); <u>see also</u> <u>Bragg v. SunTrust Bank</u>, No. 8:16-cv-139-T-33TBM, 2016 U.S. Dist. LEXIS 27850, at *4 (M.D. Fla. Mar. 4, 2016)("the Court believes that back pay should be calculated only to the date of removal."); <u>Davis v. Tampa Ship, LLC</u>, No. 8:14-cv-651-T-23MAP, 2014 U.S. Dist. LEXIS 73937, at *4 (M.D. Fla. May 30, 2014)("Even if a court could deduce, infer, or extrapolate post-removal back pay, that back pay is not in controversy at the time of removal."). Excluding post-removal back pay, the amount at issue is considerably less than the jurisdictional threshold.

**2. Compensatory Damages**

In addition, Genesis Eldercare points out that Avramides is seeking compensatory damages for emotional pain and suffering. Because it is difficult to quantify the value of emotional pain and suffering, Genesis Eldercare references a case in which a jury awarded $200,000 in compensatory damages for emotional pain and mental anguish:

Stone v. GEICO General Insurance Co., 8:05-cv-636-T-30TBM, 2009 WL 3720954 (M.D. Fla. Nov. 5, 2009). The Court recognizes that Stone advanced a Florida Whistleblowers Act claim, but the jury also considered allegations of race and age discrimination. And, from a factual standpoint, the Stone case bears no resemblance to the allegations of the present case.

Genesis Eldercare's postulation that "Plaintiff's claim for compensatory damages places the amount in controversy well above $75,000" (Doc. # 1 at ¶ 15), is mere speculation at best. See Golden v. Dodge-Markham Co., Inc., 1 F. Supp. 2d 1360, 1366 (M.D. Fla. 1998)(determining that the compensatory damages were too "nebulous" to be considered in proving, by a preponderance of the evidence, the jurisdictional amount); Love v. N. Tool & Equip. Co., No. 08-cv-20453, 2008 U.S. Dist. LEXIS 59110, at *13 (S.D. Fla. Aug. 1, 2008)(stating that although "[c]ourts have considered plaintiffs' claims for emotional distress damages in determining the amount in controversy," emotional distress damages are excluded if the parties present no evidence to determine the amount); Biffar v. GCA Serv. Grp., Inc., No. 8:15-cv-1154-T-33TGW, 2015 U.S. Dist. LEXIS 85790,

at *7 (M.D. Fla. July 1, 2015)(declining to include potential compensatory damages in jurisdictional amount in controversy analysis).

### 3. <u>Attorney's Fees and Costs</u>

Finally, while the relevant statute provides for attorney's fees and costs as of right to a prevailing party, Genesis Eldercare has not provided any information regarding the fees and costs accumulated as of the date of removal. The Court roundly rejects Genesis Eldercare's statement that "Because attorney's fees in employment cases often exceed the jurisdictional threshold of $75,000, there is no question that the amount in controversy has been satisfied in the instant case." (Doc. # 1 at ¶ 16).

As explained in <u>Keller v. Jasper Contractors, Inc.</u>, No. 8:15-cv-1773-T-23TBM, 2015 U.S. Dist. LEXIS 106110, *3 (M.D. Fla. Aug. 12, 2015), a case in which the court sua sponte remanded a Florida Private Whistleblower's Act action, "only the attorney's fees accrued to the day of removal can contribute to the amount in controversy." Genesis Eldercare has not provided any information regarding the amount of attorney's fees accrued at the time of removal, and there is no basis to find that such fees reach an amount that could

7

satisfy the jurisdictional minimum, even when considered in conjunction with Avramides's claim for back pay.

Federal jurisdiction is limited, and removal statutes are construed narrowly, and uncertainties are resolved in favor of remand. Burns, 31 F.3d at 1095. Genesis Eldercare, as the removing party, has not shown by a preponderance of the evidence that the amount in controversy is in excess of $75,000. Therefore, the Court remands the case to state court. See 28 U.S.C. § 1447 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

This action is remanded under 28 U.S.C. § 1447(c) for lack of federal subject matter jurisdiction. The Clerk is directed to remand this case to state court. After remand has been effected, the Clerk shall **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of November, 2016.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE